**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**DONALD FELIX WINNETT**                                        **PETITIONER**

**V.**                          **CASE NO. 5:13CV00126 DPM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                          **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge D.P. Marshall Jr.  Mr. Winnett – or any party – may

file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.    <u>Background</u>**

On April 22, 2013, Petitioner Donald Felix Winnett filed the pending petition for writ of habeas corpus.  (docket entry #2)  In the petition, he alleges a number of constitutional deficiencies with his conviction.  (#2)  Respondent, Director Ray Hobbs, contends that the petition is time-barred.  (#20)  For the reasons explained below, the Court will recommend that Judge Marshall DISMISS Mr. Winnett's petition, with prejudice.

On August 2, 2007, Mr. Winnett pleaded guilty plea to raping his fifteen-year-old stepdaughter.  (Docket entry #20-2 and #20-8, at p. 7)  As a result of the conviction, the Circuit Court of Saline County, Arkansas, sentenced Mr. Winnett to 240 months' imprisonment in the Arkansas Department of Correction.  (#20-8, at pp. 5-6)  Mr. Winnett did not file a direct appeal.  (#2, at pp. 1-3)  He did file, however, a number of postconviction petitions challenging his confinement.

On December 20, 2007, Mr. Winnett filed a timely Rule 37 petition for postconviction relief and two motions for reduction of sentence.  (#20-3)  The trial court denied the petition and motions the next day, December 21, 2007.  (#20-4)  It does not

appear tht Mr. Winnett filed an appeal– and certainly did not file a timely appeal – of the denial of his Rule 37 petition and motions.  (#20-5 and #20-6)

Since then, Mr. Winnett has filed numerous additional State motions and petitions, beginning on February 12, 2010, and continuing up to the filing of this action.  (#20-7; #20-8, at pp. 4, 8-33; #20-9; and #20-10, at pp. 6-8)  By February 12, 2010, however, the one-year limitations period for filing the pending federal petition had already expired.

## III.   <u>Discussion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The limitations period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

In this case, Mr. Winnett entered a guilty plea to the charges leading to his twenty-year sentence.  The Circuit Court of Saline County entered Mr. Winnett's judgment and commitment order on August 7, 2007.  (#20-8, at pp. 5-7)  He did not appeal and, generally speaking, could not have appealed under Arkansas law.  See Ark.R.App.P.– Crim. 1(a)(generally no right to appeal from a guilty plea).  Even if he could have appealed, the time to appeal would have expired thirty days after the entry of judgment.  Ark.R.App.P.– Crim. 2(a)(1).

In any event, because Mr. Winnett did not appeal, his conviction became final on

September 7, 2007, at the latest.[1]  Mr. Winnett waited to file the pending petition until

April 22, 2013 – almost five-and-a-half years after his conviction became final.  His

claims are barred by the one-year statute of limitations, unless the limitations period can

be tolled.

     A.    *Statutory Tolling*

The time during which a properly filed application for State postconviction or

other collateral review is pending does not count toward the limitations period.  28 U.S.C.

§ 2244(d)(2).  Mr. Winnett timely filed his Rule 37 petition for postconviction relief on

December 20, 2007.  (#20-3)  The trial court denied the petition the next day, December

21, 2007.  (#20-4)  Mr. Winnett failed to file a timely appeal of the denial of his Rule 37

petition.  (#20-5 and #20-6)  Thus, the limitations period was tolled for two days,

December 20 and 21, 2007.  The limitations period began to run again on December 22,

2007.  See *Evans v. Chavis*, 546 U.S. 189, 197, 126 S. Ct. 846, 852 (2006)(only a timely

appeal tolls the AEDPA's one-year limitations period for the time between the lower

court's adverse decision and the filing of a notice of appeal in the higher court).

---

[1] Assuming this date to be correct affords Mr. Winnett the benefit of any doubt and marks the expiration of the time he had to seek review from the judgment and commitment order.  See *Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-654 (2012)(judgment becomes final when a petitioner's time for seeking review in state court expires).

Mr. Winnett did not timely file any other postconviction applications that would provide a basis for statutory tolling. By the time he began filing additional applications in 2010, the one-year limitations period to file a federal petition had already lapsed. (#20-7; #20-8, at pp. 4, 8-33; #20-9; and #20-10, at pp. 6-8) "The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired." *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006)(citing *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003)). Accordingly, Mr. Winnett's claims are barred unless saved by equitable tolling.

B.    *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010). But a petitioner invoking equitable tolling bears the burden of establishing that he has pursued his rights diligently, but that some extraordinary circumstance stood in the way of a timely filing. *Id*. at 2562 (citing *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Mr. Winnett has not made any argument for equitable tolling in his petition, supplement to his petition, or his reply. (#2, #3, and #26) He complains that he was arrested without an arrest warrant and was not read his *Miranda* rights. He concedes that

5

he was unconscious at the time of arrest.  (#26)  Neither of these claims provide grounds for equitable tolling.

Mr. Winnett has also failed to show he has been diligently pursuing his rights. Without a showing of diligence, equitable tolling is not available.  See *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009)("We will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued his rights.").  Mr. Winnett's claims are not saved by equitable tolling.

## IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Winnett has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  Here, Mr. Winnett has not provided any basis for issuing a certificate of appealability.

## V.    Conclusion

Mr. Winnett's petition is time-barred.  For that reason, the Court recommends that Judge Marshall dismiss Mr. Winnett's petition for writ of habeas corpus, with prejudice. All pending motions should be denied as moot.  And because there is no substantial showing that Mr. Winnett was denied a constitutional right, Judge Marshall should decline to issue a certificate of appealability.

6

DATED this 13th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE